**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5740-14T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL ESPOSITO,

    Defendant-Appellant.

_____

Submitted February 8, 2017 — Decided September 18, 2017

Before Judges Carroll and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Municipal Appeal No. 2015-022.

Anthony H. Guerino, attorney for appellant.

Carolyn A. Murray, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/ Acting Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

GOODEN BROWN, J.A.D.

Defendant Michael Esposito appeals his conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50(a), DWI in a school zone, N.J.S.A. 39:4-50(g), and refusal to submit to a breath test

(Refusal), N.J.S.A. 39:4-50.4(a). Defendant was convicted following a trial de novo in the Law Division.[1] After merger, defendant's driver's license was suspended for two consecutive one-year terms, participation in the Intoxicated Driver Resource Center for twelve hours was imposed, installation of an ignition interlock device for six months following restoration of his driving privileges was ordered, and all applicable fines and penalties were assessed. We affirm.

We glean the following facts from the record. At about 3:00 a.m. on June 15, 2014, after observing a vehicle cross over the double yellow lines on the roadway, Officer Kevin Brogan conducted a motor vehicle stop at the intersection of Roseland Avenue and Lenfell Lane in Essex Fells. The driver, later identified as defendant, had "bloodshot and glassed over" eyes; slow, slurred and incoherent speech; and a strong odor of alcoholic beverage emanating from his mouth. Defendant also failed three field sobriety tests,[2] staggered and swayed "from side to side" when he

---

[1] In the municipal court, defendant was also convicted of failure to keep right, N.J.S.A. 39:4-82. However, that conviction was not appealed.

[2] Brogan administered the Horizontal Gaze Nystagmus (HGN), the walk-and-turn, and the one-leg stand. He testified that for each test, defendant exhibited indicators of intoxication.

attempted to walk, stood with his feet wide apart for balance, and moved "slowly" when producing his driving credentials.

Based on his observations and the results of the field sobriety tests, Brogan placed defendant under arrest and transported him to police headquarters, where Brogan read defendant the New Jersey Attorney General's Standard Statement for Motor Vehicle Operators (Standard Statement), which advised defendant of the statutory requirement to submit to a chemical breath test. After Brogan read the Standard Statement verbatim, defendant refused to submit to a breath test and requested an attorney. Defendant was subsequently charged accordingly.

At trial, a certified drug-free school zone map was admitted into evidence as a business record. Brogan identified on the map his original location and the location of the motor vehicle stop, both of which were within the drug-free school zone. Brogan also testified that the dash-cam video recorder in his patrol car was activated during the motor vehicle stop. However, when cross-examined about conducting the field sobriety tests out of the view of the dash-cam, Brogan explained that he conducted the tests to the right of the parked vehicles for safety reasons because Roseland Avenue was a "busy road[.]"

Defendant testified on his own behalf and directly contradicted Brogan's testimony in material areas. Defendant

denied drinking alcohol on the night in question or crossing the yellow lines on the roadway. Contrary to Brogan's testimony, defendant testified that the field sobriety tests were performed on an area of the roadway that was uneven. Nonetheless, defendant claimed that he successfully completed the field sobriety tests and attributed the redness in his eyes to seasonal allergies. Defendant also claimed Brogan did not inform him of the refusal consequences and, when defendant inquired whether he had to take the test, Brogan's partner told him that he did not. However, defendant admitted during cross-examination that he was familiar with the Standard Statement from a prior motor vehicle stop in November 2013 when he was suspected of DWI.

The municipal judge found Brogan's testimony credible based on the manner in which he testified and his consistency on both direct and cross-examination. In contrast, the municipal judge rejected defendant's denials, finding that they were "self-serving" and not credible. The Law Division judge accepted the municipal judge's credibility determinations and, on July 30, 2015, found defendant guilty anew. In her oral decision, after applying the applicable legal principles, the judge determined that the evidence presented supported the guilty verdicts based upon "[d]efendant's failure to successfully complete sobriety tests and the police officer's observation of the [d]efendant's

4

conduct[,]" as well as defendant's refusal to take a breath test after "he was fully informed of the consequences[.]"  This appeal followed.

On appeal, defendant presents the following points for our consideration:

POINT I

THE STATE FAILED TO MEET ITS BURDEN OF PROOF AS TO THE DATE OF THE OFFENSE, AN ESSENTIAL FACT NECESSARY TO ESTABLISH THE BASIS OF THE PROBABLE CAUSE FOR THE MOTOR VEHICLE STOP, AND TO PROVE THE SUBSTANTIVE CHARGES BEYOND A REASONABLE DOUBT.

POINT II

THE CHARGE OF [N.J.S.A.] 39:4-82, KEEPING TO THE RIGHT WAS THE INCORRECT STATUTE FOR THE DEFENDANT'S PURPORTED MOVING MOTOR VEHICLE VIOLATION.

POINT III

THE STATE FAILED TO LAY THE PROPER FOUNDATION FOR THE CHARGE [N.J.S.A.] 39:4-50(g), DWI WITHIN A THOUSAND FEET OF SCHOOL PROPERTY.

POINT IV

THE STATE FAILED TO MEET ITS BURDEN OF PROOF AS TO THE VIOLATION OF [N.J.S.A.] 39:4-50.2.

POINT V

THE LAW DIVISION'S REVIEW OF THE TRIAL COURT'S DECISION ON THE TRIAL DE NOVO IS DEFECTIVE.

Our review of the trial court's factual findings is limited to whether the conclusions of the Law Division judge "could

reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). Unlike the Law Division, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). The rule of deference is more compelling where, such as here, the municipal and Law Division judges made concurrent findings. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (citation omitted). "However, no such deference is owed to the Law Division or the municipal court with respect to legal determinations or conclusions reached on the basis of the facts." State v. Stas, 212 N.J. 37, 49 (2012).

Based upon these principles and our review of the record, we affirm. We are satisfied that the Law Division judge's findings of guilt could reasonably have been reached on sufficient credible evidence present in the record. Defendant argues for the first time on appeal that the State "failed to effectively establish the date on which the alleged violations occurred." According to defendant, because of this "critical defect in the State's case[,]" the convictions should be reversed. At trial, Brogan mistakenly testified that the incident occurred on June 22, 2014. However,

the summonses issued to defendant were dated June 15, 2014. Because defendant made no objection before the Law Division, we review the Law Division's decision for plain error. R. 2:10-2.

Under this standard, "an error is reversible if it was 'clearly capable of producing an unjust result.'" State v. Taffaro, 195 N.J. 442, 454 (2008) (quoting R. 2:10-2). Here, in light of the fact that each summons issued to defendant had the correct date and defense counsel conducted a vigorous cross-examination of Brogan and never questioned him on the discrepancy, we are satisfied that the date of the commission of the offenses was never in dispute. Moreover, while testifying, defendant admitted that the date of the incident was, in fact, June 15, 2014. Defendant testified that it was Father's Day and he had plans to celebrate with his children later in the day. Because the incorrect date had no real effect on the State's overall proofs and the evidence of defendant's guilt was overwhelming, we find no plain error.

Defendant also argues for the first time on appeal that the State failed "to establish the proper foundation" for introducing the drug-free school zone map into evidence as a business record. When presented with the certified drug-free school zone map, Brogan confirmed that it was kept in the ordinary course of business at the Essex Fells Police Department, and that he was familiar with

its contents. Brogan also provided credible testimony of his observations at the time of the motor vehicle stop, specifically, the distance traveled and the location of his and defendant's vehicle in relation to the school zone. When the prosecutor sought to introduce the map into evidence, defense counsel expressly indicated that he had no objection. Counsel's failure to object at trial constitutes a waiver of his opportunity to seek appellate review of this issue on appeal. R. 2:10-2. Nonetheless, we are satisfied that the State met its evidentiary burden because N.J.S.A. 39:4-50(g) permits, but does not require, the introduction of a certified map to prove the school zone element of the violation.

Finally, we will not consider defendant's argument that the State erroneously charged failure to keep right, instead of failure to maintain a lane, N.J.S.A. 39:4-88, because defendant did not appeal that conviction to the Law Division. See State v. Robinson, 200 N.J. 1, 20 (2009) (reiterating the well-settled principle that "appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest" (citation omitted).).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-5740-14T3